[864 NYS2d 155]

In the Matter of ROBERT L. CLAREY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 23, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Thomas F. Liotti,* Garden City (*Jennifer L. McCann* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing three charges of professional misconduct. After a preliminary conference on August 2, 2007, and hearings on September 18, 2007 and September 25, 2007, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court may deem just and proper. The respondent's counsel has submitted an affirmation in which she notes that the respondent accepts the report of Special Referee Giffords in all respects and requests that the Court allow him to continue his practice of law without interruption. The respondent adds that he continues to participate actively in counseling at Nassau Alternative Counseling Services and in Alcoholics Anonymous with his sponsor, and is encouraged by the Special Referee's conclusion that he is capable of being a valuable and productive member of the legal profession.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3).

On or about May 4, 2006, the respondent pleaded guilty before the Honorable William J. O'Brien in the First District Court, Nassau County, to the crime of operating a motor vehicle under the influence of drugs or alcohol, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor. The respondent admitted before Judge O'Brien that on June 6, 2005, he was operating a motor vehicle while intoxicated by the consumption of alcohol.

On or about September 13, 2006, the respondent was sentenced to 30 days' incarceration at the Nassau County Cor-

rectional Center, three years' probation, a $500 fine, a $140 mandatory surcharge, a $25 additional surcharge, a $20 crime victims assistance fee, and revocation of his driver's license.

Charge two alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3) based upon the factual specifications of charge one.

In addition, on or about May 4, 2006, the respondent pleaded guilty before the Honorable William J. O'Brien in the First District Court, Nassau County, to the crime of leaving the scene of an accident involving personal injury, in violation of Vehicle and Traffic Law § 600 (2), a class A misdemeanor. The respondent admitted before Judge O'Brien that on June 6, 2005, while operating a motor vehicle under the influence of alcohol, he was involved in an accident with a motorcyclist and drove away from the scene even though it was apparent to him that someone might have been injured.

On or about September 13, 2006, the respondent was sentenced for that conviction to seven days' incarceration at the Nassau County Correctional Center to run concurrently with the 30-day sentence imposed on his plea of operating a motor vehicle under the influence of drugs or alcohol.

Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in that he was convicted of crimes within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3), based on the factual specifications of charges one and two.

Based on the evidence adduced, the Special Referee properly sustained all three charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his unblemished record, his excellent reputation as a former federal and state prosecutor, his military record as a lieutenant in the United States Navy Judge Advocate General's Corps, his volunteer services, his character references, his expressed remorse, and his efforts to control his alcoholism. The Special Referee rendered the opinion that "[a]ll indications are that he is capable of being a valuable and productive member of the legal

profession." Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert L. Clarey, is suspended from the practice of law for a period of one year, commencing October 23, 2008, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert L. Clarey, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert L. Clarey, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).