[885 NYS2d 294]

In the Matter of Philip S. LaPenta, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, August 25, 2009

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

*O'Rourke & Hansen, PLLC*, Hauppauge (*James J. O'Rourke* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 21, 1973.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated March 19, 2008, containing four charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems just and proper. In response to the motion to confirm, the respondent has submitted affidavits and letters in mitigation, urging the Court to allow him to continue practicing law without interruption.

Charge one alleges that the respondent was found guilty of engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On September 8, 2005, the respondent was arrested for driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1128. On November 4, 2005, the respondent pleaded guilty before the Honorable William J. Burke III, of the District Court, Suffolk County, to the crime of operating a motor vehicle while under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor. On February 16, 2006, the respondent was sentenced to three years probation with alcohol and narcotic conditions, as well as a condition that he complete the drinking driver program through the New York State Department of Motor Vehicles. His license was revoked for a period of

six months, he was fined in the sum of $500, and a surcharge in the sum of $185 was imposed.

Charge two alleges that the respondent was found guilty of illegal conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On February 20, 2006, the respondent was again arrested for driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), § 1227 (1) and § 1111. On October 6, 2006, the respondent admitted before the Honorable William J. Burke III, of the District Court, Suffolk County, to violating a condition of the terms of his probation arising out of his February 20, 2006, arrest for operating a motor vehicle while under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor. He was sentenced to 60 days' incarceration in a "Stop DWI" Program, and made subject to an ignition interlock as a condition of probation. In addition, the respondent could not apply for driving privileges without the permission of the court or the Probation Department.

Charge three alleged that the respondent was found guilty of illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On May 11, 2007, the respondent pleaded guilty before the Honorable William J. Burke III, of the District Court, Suffolk County, to the crime of operating a motor vehicle while under the influence of alcohol and drugs, in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor. On July 6, 2007, he was sentenced to three years probation with psychiatric conditions, narcotic conditions, probation alcohol treatment, and ignition interlock program if deemed necessary by probation, 280 hours of community service, a fine in the sum of $500, license revocation, and a surcharge in the sum of $185.

Charge four alleges that the respondent was found guilty of engaging in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the respondent's convictions.

At the hearing, the Grievance Committee admitted into evidence records pertaining to the respondent's arrests, pleas, and

sentences, without objection. The Grievance Committee called no witnesses. The respondent did not dispute the facts underlying his arrests and two misdemeanor convictions. He testified, and called three other witnesses. The respondent's evidence was limited to presenting facts and circumstances in mitigation.

Based on the evidence adduced at the hearing, the Special Referee properly sustained all four charges of professional misconduct. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining the appropriate measure of discipline, the respondent asks the Court to consider as mitigating factors the following: no one was injured and no accident occurred; the respondent voluntarily ceased practicing law after his arrests, in effect, suspending himself; the respondent has undergone rehabilitation treatment for alcoholism, is continuing treatment on a voluntary basis, and is compliant in taking his medications; and after resuming the practice of law, the respondent at no time has allowed alcohol to affect his performance as an attorney.

Notwithstanding the respondent's candor and motivation in addressing his addiction, the respondent admittedly experienced a recent relapse while on probation. Furthermore, the respondent's first arrest occurred while he was on his way to a courthouse where he planned to make an appearance, and his second arrest occurred within just four days of his sentence on his first conviction and while he was on probation.

Under the circumstances, the respondent is suspended from the practice of law for a period of six months, with leave to apply for reinstatement one month prior to the expiration of the six-month period, contingent upon proof that he has not violated the terms of his probation and that he has enrolled in the Lawyers' Assistance Program.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and COVELLO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further

Ordered that the respondent, Philip S. LaPenta, is suspended from the practice of law for a period of six months, commencing September 25, 2009, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement one month prior to the expiration of the six month period contingent upon proof that he has not violated the terms of his

probation and that he has enrolled in the Lawyers' Assistance Program, and upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law; (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) otherwise properly conducted himself and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Philip S. LaPenta, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Philip S. LaPenta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).