[906 NYS2d 914]

In the Matter of DAMIEN SEMEL-DEFEO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 14, 2010

## APPEARANCES OF COUNSEL
*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.
*David H. Gendelman*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition, dated February 26, 2009, containing one charge of professional misconduct. After a prehearing conference on April 28, 2009, and a hearing on June 15, 2009, Special Referee Harry E. Seidell sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate under the circumstances. The respondent's counsel has submitted an affirmation in response in which it is suggested that if the Court sustains the charge, the appropriate measure of discipline should be an admonition or public censure.

The charge alleges that the respondent has been convicted of a crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or about April 17, 2008, the respondent was convicted in the Supreme Court, Kings County, upon his plea of guilty, to aggravated unlicensed operation of a motor vehicle in the third degree, in violation of Vehicle and Traffic Law § 511 (1) (a), an unclassified misdemeanor. He was sentenced to a fine of $500, and a $50 surcharge was imposed.

Based on the undisputed underlying factual allegations, the Special Referee sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his unblemished disciplinary history, the character letters submitted by

three professional colleagues, his candor and complete accep-
tance of responsibility for his actions, and the fact that his
misconduct did not involve the practice of law, which consisted,
for him, almost exclusively of no-fault collection matters.

The Grievance Committee submits that notwithstanding the
respondent's acknowledgment of a serious problem in connec-
tion with driving, he waited until a week before his disciplinary
hearing to make an appointment with a therapist and to regis-
ter for a defensive driving course. The Grievance Committee
further submits that the record evinces the respondent's pat-
tern of contempt and disregard for the Traffic Violations Divi-
sion of the Department of Motor Vehicles by virtue of his numer-
ous license suspensions for failing to answer summonses and
pay fines. Despite his misdemeanor conviction, the respondent
continued to drive with a suspended license. While the respon-
dent's underlying actions do not directly impact on his practice
of law, the repetitive nature of such conduct reflects an overall
disrespect for the law.

Notwithstanding the respondent's plea that any disciplinary
action be limited to an admonition or censure, we find that the
respondent's misconduct warrants his suspension from the
practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ.,
concur.

Ordered that the petitioner's motion to confirm the Special
Referee's report is granted; and it is further,

Ordered that the respondent, Damien Semel-DeFeo, is
suspended from the practice of law for a period of six months,
commencing October 14, 2010, with leave to the respondent to
apply for reinstatement by motion to this Court with a return
date not more than one month prior to the expiration of the pe-
riod of suspension, upon furnishing satisfactory proof that dur-
ing said period he (1) refrained from practicing or attempting to
practice law, (2) fully complied with this opinion and order and
with the terms and provisions of the written rules governing
the conduct of disbarred, suspended, and resigned attorneys (see
22 NYCRR 691.10), (3) complied with the applicable provisions
of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly
conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the pe-
riod of suspension and until further order of this Court, the re-
spondent, Damien Semel-DeFeo, shall desist and refrain from

(1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Damien Semel-DeFeo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).