[973 NYS2d 598]

In the Matter of JOHN J. HESSION (Admitted as JOHN JOSEPH HESSION), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 24, 2013

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin L. Whittingham* of counsel), for petitioner.

*Sarah Diane McShea*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent John J. Hession was admitted to the practice of law in the State of New York by the First Judicial Department on April 6, 1981, under the name John Joseph Hession. At all times relevant to this matter, respondent maintained an office for the practice of law within the First Department.

In September 2012, the Departmental Disciplinary Committee (the Committee) charged respondent with engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), and conduct that adversely reflects on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h). The charges are based on convictions related to a series of DWI incidents between 2004 and 2011. Respondent admitted the Committee's material allegations and that his conduct violated rule 8.4 (b), but he denied the remaining two charges. Later, in a post-hearing submission, respondent admitted the remaining charges.

On February 25, 2013, following a hearing, the Referee sustained the charges and recommended that respondent be publicly censured and required to enroll in the New York City Bar's Lawyer Assistance Program (LAP) for one year. On April 12, 2013, following a proceeding, the Hearing Panel affirmed the Referee's liability findings and recommendation of a public censure, but recommended that respondent be required to enroll in LAP for two years, rather than one, and to provide quarterly reports to the Committee. Reasoning that its recommendation would better ensure protection of the public, the Hearing Panel noted a number of factors it found troubling, including respondent's history of alcohol-related relapse and his lack of candor as to the circumstances surrounding a 2006 arrest.

The Committee seeks an order under Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15

(e) (1) confirming the Hearing Panel's findings of fact and conclusions of law and imposing whatever sanction this Court deems appropriate under the circumstances. While the Committee does not explicitly argue against the Hearing Panel's recommendation of a public censure, it implies that suspension is appropriate. To this end, the Committee relies on two Second Department cases, *Matter of LaPenta* (67 AD3d 117 [2d Dept 2009]) and *Matter of Clarey* (55 AD3d 209 [2d Dept 2008]), in which the respondents were suspended for six months and one year, respectively, based on their convictions related to drunk driving. The Committee notes that respondent's misconduct was more serious than that of the respondents in those cases.

Arguing that suspension would be an unduly harsh sanction in this matter, respondent cross-moves for an order confirming the Referee and Hearing Panel's recommendation of public censure and requests that he continue his enrollment in LAP for a period determined by the Court. Alternatively, respondent seeks the imposition of a lesser sanction that this Court deems appropriate (i.e., a private reprimand).

In light of respondent's admission to all three charges, namely, violations of DR 1-102 (a) (7) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) and (h), those charges are sustained and the Hearing Panel's liability findings are confirmed. Thus, the only issue before this Court is the sanction to impose.

The facts here, viewed in conjunction with the relevant precedent, favor public censure with respondent's continued participation in LAP (*see Matter of Krishnan*, 99 AD3d 207 [1st Dept 2012] [censure for misdemeanor convictions of aggravated driving while intoxicated and giving unlawful gratuities to a police officer]; *Matter of Antomattei*, 96 AD3d 136 [1st Dept 2012] [censure for DWAI violation and two DWI misdemeanor convictions, one of which resulted in an admonition, and required to enroll in and complete LAP for one year]; *cf. Matter of LaPenta*, 67 AD3d at 120 [six-month suspension for two DWI misdemeanor convictions and probation violation; the court noted relapse while on probation, first arrest occurred while on way to court, and second arrest occurred four days after being sentenced to probation for first conviction]; *Matter of Clarey*, 55 AD3d at 210-212 [one-year suspension for misdemeanor convictions for DWI and leaving the scene of an accident involving personal injury]).

While respondent's lack of candor as to the circumstances surrounding the 2006 arrest is troubling, he attempted to cor-

rect his testimony via a post-hearing affirmation. Notably, the Referee and the Hearing Panel, both of whom recommended censure, gave the issue full consideration. Moreover, the Referee and the Panel both noted that there was no evidence that respondent was unfit to practice law nor was there evidence that his actions caused neglect or harm to any client matters. Further, respondent appears to have taken significant steps toward his rehabilitation. Therefore, under the circumstances, respondent's lack of candor is not sufficiently aggravating to warrant an elevated sanction.

Accordingly, the Committee's petition is granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, as well as the recommended sanction that respondent be publicly censured and directed to continue his enrollment in, and complete, the New York City Bar's Lawyer Assistance Program (LAP) for a period of two years, while providing quarterly reports to the Committee. Respondent's cross motion, to the extent that it seeks confirmation of the Referee and Hearing Panel's recommendation of censure, is also granted.

MAZZARELLI, J.P., ANDRIAS, SWEENY, SAXE and MOSKOWITZ, JJ., concur.

Respondent publicly censured, as indicated.