Matter of Batsiyan (2021 NY Slip Op 04974)





Matter of Batsiyan


2021 NY Slip Op 04974


Decided on September 15, 2021


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2020-01110

[*1]In the Matter of Geoffrey Robert Batsiyan, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Geoffrey Robert Batsiyan, respondent. (Attorney Registration No. 4912770)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 25, 2011. By decision and order on motion of this Court dated August 6, 2020, the respondent was directed to show cause, pursuant to 22 NYCRR 1240.12(c)(3)(iii), at a hearing before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made, based on his convictions in the State of Florida on (1) November 1, 2018, of improper exhibition of a dangerous weapon or [*2]firearm, a misdemeanor, in violation of Florida Statutes § 790.10, and (2) January 7, 2019, of driving while license suspended (first offense), a misdemeanor, in violation of Florida Statutes § 322.34(2)(a).



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for petitioner.
Sarah Diane McShea, New York, NY, for respondent.



PER CURIAM


.
On November 1, 2018, before the Honorable Jeffrey Colbath, a Judge of the Fifteenth Judicial Circuit Court, Palm Beach County, State of Florida, the respondent pleaded guilty to improper exhibition of a dangerous weapon or firearm, a misdemeanor, in violation of Florida Statutes § 790.10, and was sentenced to one day in jail, with credit for time served, and directed to pay $323 in fees and surcharges.
On January 7, 2019, before the Honorable Paul Damico, a Judge of the Fifteenth Judicial Circuit Court, Palm Beach County, State of Florida, the respondent pleaded guilty, inter alia, to driving while license suspended (first offense), a misdemeanor, in violation of Florida Statutes § 322.34(2)(a), and was sentenced to 30 days in jail, with a credit of two days for time served, and directed to pay $273 in fines and surcharges.
By affirmation dated January 29, 2020, on notice to the respondent, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts advised this Court of the respondent's convictions in the State of Florida. By decision and order on motion dated August 6, 2020, this Court, inter alia, directed the respondent to show cause before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on the respondent's misdemeanor convictions.
After a hearing held over two days, on October 14, 2020, and October 21, 2020, the Special Referee filed a report dated December 24, 2020, inter alia, setting forth his finding that the respondent failed to demonstrate why an order of public discipline should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent cross-moves to confirm so much of the Special Referee's report as found that his criminal conduct warrants the imposition of a sanction and to disaffirm so much of the report as found that he failed to provide mitigating evidence. In seeking the imposition of a public censure, the respondent requests consideration of, among other things, the personal circumstances he was experiencing at the time of his criminal conduct; his youth at the time of his misconduct; that his actions were unrelated to the practice of law and therefore no clients were harmed; the testimony of his character witness; and his lack of disciplinary history.
Based on the foregoing, the Grievance Committee's motion to confirm the report of the Special Referee is granted except to the extent it seeks to confirm the Special Referee's finding that the respondent failed to provide mitigating evidence, and the respondent's cross motion is granted. In determining an appropriate measure of discipline to impose, we have considered the evidence adduced, the hearing testimony, the mitigating evidence presented by the respondent, and the report of the Special Referee. Under the circumstances of this case, including, inter alia, that the respondent had three interactions with law enforcement during a five-month period, two of which resulted in his arrest, and the Special Referee's findings that the respondent exhibited a poor memory for many of the details of his convictions, that he failed to take responsibility for his actions, and that his testimony was unpersuasive, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Semel-Defeo, 78 AD3d 82; Matter of LaPenta, 67 AD3d 117).
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted except to the extent it seeks to confirm the Special Referee's finding that the respondent failed to provide mitigating evidence, and the motion is denied to the extent it seeks to confirm the Special Referee's finding that the respondent failed to provide mitigating evidence; and it is further,
ORDERED that the respondent's cross motion to confirm so much of the Special Referee's report as found that his criminal conduct warrants the imposition of a sanction and to disaffirm so much of the report as found that he failed to provide mitigating evidence is granted; and it is further,
ORDERED that the respondent, Geoffrey Robert Batsiyan, is suspended from the practice of law for a period of six months, commencing October 15, 2021. The respondent shall not apply for reinstatement earlier than February 15, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Geoffrey Robert Batsiyan, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id.); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Geoffrey Robert Batsiyan, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Geoffrey Robert Batsiyan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Acting Clerk of the Court