Matter of Willner (2022 NY Slip Op 05007)

Matter of Willner

2022 NY Slip Op 05007

Decided on August 23, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Lizbeth González
Manuel J. Mendez
Bahaati E. Pitt
John R. Higgitt, JJ.

Motion No. 2022-02399 Case No. 2022-02578 

[*1]In the Matter of Ross Alan Willner, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ross Alan Willner, (OCA Atty. Reg. No. 1946045), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 30, 1984.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.
Per Curiam 

Respondent Ross Alan Willner was admitted to the practice of law in the State of New York by the First Judicial Department on July 30, 1984. Respondent's registered business address is in Florida, but this Court retains jurisdiction over him as the admitting Department (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
In 2010, respondent pleaded guilty to two misdemeanors for Driving Under the Influence (DUI) in Florida. On April 19, 2010, respondent was charged with DUI in Coral Springs, Florida. On May 24, 2010, he was arrested and charged again for DUI in Boca Raton, Florida.
On November 18, 2010, respondent pleaded guilty to DUI in violation of Florida Statute 316.193(1), a misdemeanor offense, for his conduct on May 24, 2010 in Boca Raton, Florida. He was sentenced to 12 months of probation, license revocation for a period of six months, attendance at AA/NA meetings (90 meetings within 90 days), 50 hours of community service, attendance at one session of the Victim Impact Panel, vehicle immobilization for 10 days, random testing and other fines and court costs.
On March 4, 2011, respondent pleaded no contest to the same misdemeanor charge of DUI for his earlier arrest on or about April 19, 2010, in Coral Springs, Florida. Respondent was adjudicated guilty by the court and sentenced to 12 months of probation, license suspension for a period of two years, DUI School, vehicle immobilization for 30 days, random breath/urinalysis testing and other fines and court costs.
Respondent did not notify the Florida Bar of either of his DUI convictions. On July 27, 2011, The Florida Bar filed a complaint against respondent alleging misconduct based on his DUI convictions. Respondent failed to provide a mandated answer to the complaint, and the Florida Bar filed a motion for a default judgment which was granted on September 8, 2011. The factual allegations against respondent were deemed admitted as a result of his default and a final sanction hearing was scheduled before a referee on December 5, 2011. Defendant appeared at the sanction hearing.
The Referee's report dated December 9, 2011, recommended that respondent be found guilty of violating the following Rules Regulating the Florida Bar: 3-4.3 (the commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute cause for discipline.); 3-7.2(e) (a member of the Florida Bar shall within 10 days of entry of a determination or judgment for any criminal offense, which was entered on or after August 1, 2006, notify the executive director of the Florida Bar of such determination or judgment); and 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as [*2]a lawyer in other respects). The Referee noted that respondent stated at the hearing that he was receiving treatment for a substance abuse problem by participating in a drug program, however he presented no documentary evidence or testimony from any treating physician or therapist. The Referee recommended that respondent be suspended from the practice of law in Florida for a period of 91 days and, thereafter, until he provides proof of rehabilitation. Furthermore, it was noted that although respondent had no prior history, his commission of multiple offenses should be considered an aggravating factor, and since he was currently inactive the suspension should commence immediately.
On April 3, 2012, the Supreme Court of Florida approved the Referee's uncontested report and suspended respondent for 91 days, effective immediately. Respondent remains suspended from the practice of law in Florida.
On March 2, 2022, the Attorney Grievance Committee (AGC) both emailed and mailed a letter to respondent advising him that it was made aware of his Florida suspension. Respondent was asked to provide the AGC with a reason a motion should not be filed disciplining him for the underlying misconduct. The letter and email were not returned to the AGC as undeliverable, however, respondent failed to submit a response. On April 11, 2022, the AGC further informed respondent that he was delinquent in the payment of his biennial attorney registration fee for three registration cycles and that the failure to register constitutes a ground for his suspension from the practice of law. Respondent was advised that he should advise the AGC by April 22, 2022 whether he had updated his attorney registration. Respondent did not contact the Committee regarding his registration status.
The AGC now moves for an order pursuant to 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, for a finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why this Court should not impose discipline based on the misconduct underlying his discipline in Florida, and suspending him for a period of three months, or, in the alternative, sanctioning him as this Court deems just and proper. Respondent did not oppose the motion or otherwise appear in this proceeding.
On June 15, 2022 respondent was personally served with a copy of the AGC's motion in Florida. On June 16, 2022, the AGC served a second copy of this motion by first class mail on the pro se respondent at his registered address in Boca Raton, Florida, but he has not submitted a response and is in default.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction [*3]does not constitute misconduct in this state.
None of the aforementioned enumerated defenses are available to respondent notwithstanding his failure to assert any defenses because: respondent received notice of the charges asserted against him in Florida; the Referee and Florida Supreme Court's misconduct findings are fully supported by the record; and the misconduct for which he was disciplined in Florida would constitute misconduct in New York in violation of Rules of Professional Conduct (see 22 NYCRR 1240.13 [b] and [c]. Furthermore, respondent's failure to register and pay his biennial registration fee constitutes an independent ground for his suspension (see Judiciary Law § 468-a; Matter of Chin, 118 AD3d 61 [1st Dept 2014]; Matter of Todorovich, 111 AD3d 71, 73 [1st Dept 2013]).
As such, the only issue left to decide is the appropriate sanction to impose. This Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and "[o]nly in rare instances will this Court depart from its general rule" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
The three-month suspension, as requested by the AGC, is the appropriate sanction herein as it is commensurate with the discipline imposed in Florida and in general accord with precedent involving arguably comparable misconduct (see Matter of Hession, 111 AD3d 137 [1st Dept 2013]; Matter of Antomattei, 96 AD3d 136 [1st Dept 2012]; Matter of LaPenta, 67 AD3d 117 [2d Dept 2009]). Additionally, respondent has been delinquent in his attorney registration in New York since the 2016-2017 period. After being advised of his delinquency, as of April of 2022, respondent remains delinquent.
Accordingly, the AGC's motion pursuant to 22 NYCRR 1240.13 should be granted with reciprocal discipline imposed, and respondent is suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline, based upon similar discipline imposed by Supreme Court of Florida, is granted, and respondent Ross Alan Willner is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.13, for a period three months, effective September 22, 2022, and until further order of this Court, and
IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court, respondent Ross Alan Willner is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee [*4]of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that the respondent Ross Alan Willner shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof, and
IT IS FURTHER ORDERED that if respondent Ross Alan Willner has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: August 23, 2022